4 F.3d 993
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David FISHER, Plaintiff-Appellant,
v.
The CITY OF DETROIT; Robert Butucal; Richard Ivy; Robert
Gerds, Defendants-Appellees.
 No. 92-1759.
 United States Court of Appeals, Sixth Circuit.
 Sept. 9, 1993.
 
 Before: KEITH and RYAN, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On July 30, 1989, Detroit police officers arrived at the scene of a shooting and began investigating a homicide. On the next day, police efforts uncovered two witnesses who identified the plaintiff, David Fisher, as the man who fatally shot the victim. Pursuant to an arrest warrant, the investigating officers arrested Fisher, who purportedly confessed to murder. An arrest warrant was issued, and the preliminary hearing resulted in plaintiff being bound over for trial. At trial, however, plaintiff was acquitted of the murder charge.
 
 
 2
 Six months after his acquittal, in June of 1991, Fisher filed a complaint in Michigan state court alleging two state claims and three federal claims growing out of his arrest and prosecution. The defendants, the City of Detroit (City) and two police officers, removed the action to federal court based on federal question jurisdiction. Once in federal court, the City filed a motion to dismiss the entire complaint, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.
 
 
 3
 The district judge dismissed two federal counts against the City--the Sec. 1983 claims and a conspiracy claim. The defendant police officers then filed a similar motion, upon which the district court held a hearing. Shortly thereafter, without any analysis, the district judge granted the officers' motion to dismiss these same counts, and she also remanded the state claims to state court.[1] It is from this order that the plaintiff appeals.[2]
 
 
 4
 Plaintiff has filed a five page brief presenting two issues for appeal. First, he alleges that one may not, as a matter of law, remove a claim to federal court and then file a motion under Rule 12(b)(6). Second, Fisher argues that the district court improperly granted summary judgment in favor of the officers.
 
 
 5
 I. MAY DEFENDANTS REMOVE TO FEDERAL COURT AND THEN MOVE TO DISMISS?
 
 
 6
 As a threshold matter, this issue was not raised before the district court and, therefore, is not properly before us on appeal. FDIC v. Binion, 953 F.2d 1013, 1018 (6th Cir.1991). We ordinarily dismiss such an untimely contention.
 
 
 7
 Plaintiff concedes that removal under 28 U.S.C. Sec. 1441(a) requires the existence of a federal claim. He also notes that dismissals under Rule 12(b)(6) are premised upon the "failure to state a claim upon which relief may be granted." Plaintiff argues that because the right of removal under Sec. 1441 depends on the existence of a federal "claim," a defendant who removes an action to federal court necessarily concedes that the plaintiff has stated a "claim" upon which relief can be granted. Plaintiff's argument clearly lacks merit. Removal is proper if the plaintiff's allegations are federal in character regardless of whether they state a redressable claim. Dismissal under Rule 12(b)(6) will be granted unless the plaintiff alleges facts that, if true, would entitle him to relief.
 
 
 8
 II. WAS SUMMARY JUDGMENT APPROPRIATE?
 
 
 9
 Because the district court did not discuss the basis of its decision, there is some initial confusion regarding whether it dismissed the two federal counts against the officers on summary judgment, or for failure to state a redressable claim under Rule 12(b)(6). The officers' motion was fashioned as a motion to dismiss for failure to state a claim, and defendants maintain that the district court's dismissal was on that ground. The order dismissing plaintiff's claims, however, purports to grant summary judgment. The order recites that the court has "reviewed the parties' briefs, [and] heard arguments in open Court." When the district court considers "matters outside the pleadings," it should treat the motion as a request for summary judgment.[3] This court reviews grants and denials of summary judgment de novo. McAdoo v. Dallas Corp., 932 F.2d 522, 523 (6th Cir.1991).
 
 
 10
 Count III is entitled "Deprivation of Civil Rights" and contains broad ranging allegations under 42 U.S.C. Sec. 1983. In this count, Fisher charges violations of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and both substantive and procedural due process violations under the Fourteenth Amendment. Fisher has brought all of the alleged constitutional violations in the context of Sec. 1983.
 
 
 11
 The two basic elements of a Sec. 1983 claim are (1) that "some person has deprived [the plaintiff] of a federal right" and (2) that "the person who has deprived him of that right acted under color of state ... law." Gomez v. Toledo, 446 U.S. 635, 640 (1980). The second element is not an issue in this case: it is clear that the Detroit police officers acted under color of state law with respect to all of the challenged conduct. Thus, the controlling question is whether the officers have established the absence of any material fact as to whether they deprived Fisher of a federal right.
 
 A. Fisher's Eighth Amendment Claim
 
 12
 Fisher complains that the officers violated his right to be free from cruel and unusual punishment. This claim presumably stems from his allegations of the use of excessive force in his arrest. The Eighth Amendment concerns only prisoners convicted of a crime, and has no application to suspects awaiting trial. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). Because Fisher was not a prisoner at the time of the challenged conduct,[4] the officers' conduct could not have deprived him of any Eighth Amendment rights. He, therefore, fails on this contention.
 
 B. Fisher's Equal Protection Claim
 
 13
 Although Fisher alleges that the officers' conduct violated the Equal Protection Clause, he alleges no facts supporting such a claim. Fisher does not allege that he is a member of any protected class, nor does he contend that he was treated differently because of any particular affiliation or association. Therefore, Fisher's Equal Protection claim was properly dismissed.
 
 C. Fisher's Procedural Due Process Claim
 
 14
 Fisher did not specify whether he was alleging a procedural or a substantive due process claim and the facts he asserts might potentially support either. To show a procedural due process violation, one must prove that he has been deprived of a protected interest in life, liberty or property, without due process of law. Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982). Plaintiff's procedural due process complaints amount to an assertion that he was detained without a sufficient legal reason. Physical detention involves a protected liberty interest; we look to see whether Fisher alleges a procedural due process violation. To establish a procedural due process violation in the context of an illegal arrest, detention, or prosecution, a plaintiff must prove one of two things. First, he may prove that the City has an established policy or procedure of making groundless arrests and detentions. Bacon v. Patera, 772 F.2d 259, 264 (6th Cir.1985); Davey v. Tomlinson, 627 F.Supp. 1458, 1464 (E.D.Mich.1986). Second, he may show that the particular defendants' conduct was "random and unauthorized," and fell short of due process. Bacon, 772 F.2d at 264. In order to prevail on this second method, the plaintiff must also show that state remedies prohibiting the unauthorized conduct provide insufficient redress. Wilson v. Beebe, 770 F.2d 578, 583-84 (6th Cir.1985). Fisher may not pursue his claim by attacking the officers.[5]
 
 
 15
 Fisher alleges that the officers acted randomly by failing to "conduct a sufficient investigation to determine who the true perpetrator was." The complaint also charges that "it is a custom, practice, policy and procedure of the municipal defendant to inadequately investigate similiar [sic] occurrences."
 
 
 16
 Fisher has not alleged any facts or circumstances casting doubt the validity of the arrest warrants pursuant to which Fisher was detained. Even if the Detroit police department did have a policy of conducting unconstitutionally inadequate investigations before arresting suspects, Fisher has not shown that he has been injured by this alleged policy. He does not dispute that the police interviewed two witnesses who said that Fisher was involved in the shooting, nor does he argue that the arrest warrants were issued without probable cause.[6]
 
 
 17
 The claim that the officers acted in a "random and unauthorized" manner fails for an additional reason. In order to prevail on a claim that a state actor acted illegally and in an unauthorized fashion, the plaintiff must show that state court remedies for the particular tort alleged are inadequate to address the constitutional deprivation. Beebe, 770 F.2d at 583-84. In this case, however, the state actions for false arrest and false imprisonment adequately address these concerns. See Braley v. City of Pontiac, 906 F.2d 220, 224 (6th Cir.1990) (holding that similar claims of procedural due process deficiencies were adequately covered by Michigan's actions for those torts). Thus, the district court correctly dismissed Fisher's Sec. 1983 procedural due process claims on summary judgment.
 
 D. Fisher's Substantive Due Process Claim
 
 18
 When a plaintiff bases a Sec. 1983 substantive due process claim on any conduct other than excessive force, his claim, "must be based either on a violation of an explicit constitutional guarantee (e.g., a fourth amendment illegal seizure violation) or on behavior by a state actor that shocks the conscience." Braley v. City of Pontiac, 906 F.2d 220, 225 (6th Cir.1990). When the challenged conduct involves excessive force during an arrest, as is the case here, the "shock the conscience" prong is abandoned, and replaced by a traditional "reasonableness of the seizure" analysis under the Fourth Amendment." Graham v. Conner, 490 U.S. 386, 395 (1989).[7]
 
 
 19
 The two allegations suggesting a substantive due process claim are: (1) that the officers "assaulted and battered plaintiff," and (2) that the officers "did not conduct a sufficient investigation to determine who the true perpetrator was." Graham directs that the former of these claims be analyzed as a Fourth Amendment violation, and the latter claim is also a Fourth Amendment claim because it essentially alleges that Fisher's arrest was not supported by probable cause.
 
 
 20
 The claim of inadequate investigation prior to arrest is easily dispatched. As noted above, the officers clearly had probable cause to arrest Fisher. Two witnesses had positively identified him as the man who shot the victim. Moreover, both arrests were made pursuant to duly issued warrants. Under these circumstances, the defense of qualified immunity would protect the officers from liability for damages in a Sec. 1983 suit.[8]
 
 
 21
 A plaintiff may establish a successful Sec. 1983 claim by showing that, during the course of an arrest, an officer employed force that was unreasonable under the Fourth Amendment. Graham, 490 U.S. at 395, 396-97.[9] Fisher's excessive force allegations are sufficiently detailed to take them out from under the legal rules allowing dismissal of unsupported conclusory charges. Fisher alleged that the defendants "intentionally and without provocation assaulted and battered plaintiff." He claimed that this abuse resulted in "physical and mental injuries, including severe head injuries, cuts and bruises resulting in serious scars, severe and constant headaches, as well as back and stomach problems...."
 
 
 22
 Defendants were not entitled to summary judgment unless they showed the absence of any genuine issue of material fact. Fed.R.Civ.P. 56. Since the evidence must be viewed in Fisher's favor, his complaint clearly raises a material factual issue: whether he was in fact beaten "unreasonably" in terms of the Fourth Amendment. Criss v. City of Kent, 867 F.2d 259, 261 (6th Cir.1988).
 
 
 23
 Even though a material factual issue appears on the face of Fisher's complaint, summary judgment could nevertheless be appropriate if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The district court was entitled to consider the whole record, including the parties' briefs and the oral argument. Since she provided no analysis in her order of summary judgment, however, we cannot discern what additional part of the record, if any, led the trial judge to conclude that no "rational trier of fact [could] find for the non-moving party." Id.
 
 
 24
 Except for the excessive force claim, summary judgment for defendants was appropriate. On remand, Fisher should be limited to proving the civil rights violations alleged in Count III by showing that the force used to arrest him was unreasonable, considering all the circumstances, under the Fourth Amendment.
 
 E. Summary Judgment as to Conspiracy Count
 
 25
 Count IV alleges a conspiracy among the officers to violate Fisher's civil rights. Specifically, the complaint charges that:
 
 
 26
 at the time plaintiff was arrested and imprisoned at the Wayne County Jail in Detroit, their employees and agents wrongfully conspired and agreed to and among themselves, expressly and/or tactically [sic] by word and/or deed, to deprive plaintiff of the equal protection of the laws and of the privileges and immunities to which he was entitled....
 
 
 27
 The complaint goes on to allege that the individual officers conspired to (a) hold plaintiff against his will, (b) to refuse to release him upon his request, (c) to hold a probable cause hearing, (d) to isolate plaintiff from his friends, (e) to hide plaintiff's medical condition, and (f) to give the plaintiff medical treatment.
 
 
 28
 A civil conspiracy is defined as "an agreement between two or more persons to injure another by unlawful action." Pillette v. Detroit Police Dep't., 661 F.Supp. 1145, 1148 (E.D.Mich.1987), aff'd mem., 852 F.2d 1288 (6th Cir.1988). To be successful on a civil conspiracy claim, a plaintiff must show "that there was a single plan, that the alleged conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury." Id. (citing Hooks v. Hooks, 771 F.2d 935 (6th Cir.1985). When challenging the conduct of public officials exercising publicly conferred discretion, the plaintiff shoulders the additional burden of showing that qualified immunity should not shield the public officials from liability. Wegener v. City of Covington, 933 F.2d 390, 392 (6th Cir.1991).
 
 
 29
 Courts have traditionally viewed conspiracy suits against public officials with suspicion and disfavor. Accordingly, pleading requirements governing civil conspiracies are relatively strict. Plagued by a large number of frivolous Sec. 1983 suits, "federal courts have come to insist that the complaint state with specificity the facts that, in the plaintiff's mind, show the existence and scope of the alleged conspiracy." Slotnick v. Stavinskey, 560 F.2d 31, 33 (1st Cir.1977), cert. denied, 434 U.S. 1077. Fisher's conspiracy claim was appropriately dismissed on summary judgment.
 
 
 30
 The allegations that the defendants deprived Fisher of any rights guaranteed by the Equal Protection Clause or the Privileges and Immunities Clause are simply unsupported. The conduct described was not within the officers' discretion, and in any event, has not been shown illegal (that is, Fisher has not pointed to any facts even arguably making the conditions of plaintiff's detention illegal). Finally, the allegations that the officers refused plaintiff medical attention are without moment. Fisher failed to allege particular facts with required particularity in this regard. Since plaintiff has not made insufficient allegations to support his conspiracy theory, that claim was properly dismissed on summary judgment.
 
 
 31
 We AFFIRM in all respects save the plaintiff's claim of a substantive due process violation in Count III. Based on additional proof, or upon a reasoned analysis, summary judgment may also be appropriate on this count. We, accordingly, REVERSE and REMAND, for the limited basis indicated, as to a portion of Count III.
 
 
 
 [1]
 The defendant officers' motion was cast in terms of dismissal under Rule 12(b)(6), but the district court instead granted summary judgment and dismissed the claims with prejudice
 
 
 [2]
 A "Neglect to Prevent" claim is not specifically involved in this appeal. All the state claims were remanded to state court
 
 
 [3]
 Rule 12(c) requires that the court afford the parties a reasonable opportunity to respond in the context of a summary judgment motion once the parties have notice that the court intends to construe the motion as such. Fisher does not claim that he was prejudiced by a lack of notice that the court would construe the officers' motion as a motion for summary judgment. Rather, he contends that the existence of a material fact precludes summary judgment
 
 
 [4]
 Nor is he a prisoner now
 
 
 [5]
 We have noted that:
 Parratt v. Taylor [, 451 U.S. 527 (1981) ] ... established a limitation of the availability of Sec. 1983 in procedural due process cases. Where the only violation complained of is a Fourteenth Amendment claim of deprivation of property without due process of law, the federal court must determine whether there are state provides remedies for the tort which satisfy the requirements of procedural due process. If the state does provide a remedy which meets this standard, then the deprivation, though under color of state law, is not without due process of law.
 Beebe, 770 F.2d at 583-84.
 
 
 [6]
 With respect to Fisher's procedural due process claim regarding the alleged city policy of conducting inadequate investigations, it is not clear that Fisher may pursue this claim by attacking the officers. Fisher has not attacked any ruling concerning the city, but only the summary judgment granted to the officers
 
 
 [7]
 In Graham, the Court held that:
 all claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard rather than under a "substantive due process" approach."
 Graham, 490 U.S. at 395.
 The "seizure" to which the Fourth Amendment analysis applies may not include pre-trial detention. Excessive force during pre-trial detention is best analyzed under the Due Process Clause, and excessive force after conviction is governed by the Eighth Amendment. Id. at 395 n. 10.
 
 
 [8]
 Even an arrest without probable cause is subject to the defense of qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800 (1982); Donta v. Hooper, 774 F.2d 716, 721 (6th Cir.1985), cert. denied, 485 U.S. 1019 (1987). The doctrine of qualified immunity provides that, "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818. In probable cause challenges, police officers are shielded from damages as long as probable cause was not clearly lacking. Floyd v. Farrell, 765 F.2d 1, 5 (1st Cir.1985). To say the least, probable cause in this case was not "clearly lacking."
 
 
 [9]
 "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," Bell v. Wolfish, 441 U.S. 520, 559 (1979)