NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0405n.06

Case No. 24-5004

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Oct 17, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| WILLIAM GRIFFIN; P & G CONSTRUCTION CONSULTANTS LLC, | ) ) ) | |
| Plaintiffs-Appellants, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| v. | ) ) ) | |
| SCOTT HUNTER; CHARLES TROTTER, | ) | |
| Defendants-Appellees. | ) ) | OPINION |

Before: MOORE, THAPAR, and DAVIS, Circuit Judges.

THAPAR, Circuit Judge. William Griffin and P & G Construction Consultants LLC ("P & G") sued Haywood County Sergeant Scott Hunter for state law assault and battery and for violations of their federal constitutional rights. They also sued Charles Trotter, an attorney for Tennessee Mutual Farmers Insurance Company, for taking part in an alleged civil conspiracy to deprive them of their federal constitutional rights. The district court granted Hunter's and Trotter's motions to dismiss. Because plaintiffs' claims are either time-barred or fail to state a claim, we affirm.

I.

The district court stated the facts of this case are "somewhat unclear." R. 28, Pg. ID 155. We agree and recount them here as best we understand them. Griffin went to the Haywood County, Tennessee, Sheriff's Department on March 15, 2022. Why? Griffin says he went "to advise that

he had obtained an assignment of claims on behalf of P & G Consultants LLC . . . from Faye Sorrell" and that P & G "was holding funds pursuant to the assignment." R. 6, Pg. ID 14. Sergeant Hunter then "seized" and "arrested" Griffin. Griffin says Hunter (to whom he refers as "Jordan Spraggins" at one point in his complaint), gave him the impression that he couldn't leave until he'd returned the funds to Sorrell. Meanwhile, Griffin alleges that Deputy Sheriff Shawn Williams did not prevent the seizure. At some point, Griffin left the Sheriff's office, but it's not clear when.

Griffin further alleges that Hunter tried to restrain him from conducting business in Haywood County by sending threatening emails and other communications. The alleged threats began when Griffin arrived at the Sherriff's office on March 15 and lasted until March 21, when Hunter allegedly "forc[ed]" Griffin to "surrender P & G's funds and assignment of claims." *Id.* at Pg. ID 15. Griffin doesn't explain how Hunter forced him to surrender the "assignment of claims."

What was Trotter's role in all this? He allegedly formed "an express or tacit agreement" with Hunter and the other defendants—Williams, Tennessee Mutual Farmers Ins. Co., and Haywood County, Tennessee—to violate Griffin's right to be free from unreasonable seizures and Griffin's and P & G's substantive and procedural due process rights. The plaintiffs also mention that on March 16, 2022, Trotter "announc[ed] the activity of Hunter and Williams" in state court. *Id.* at Pg. ID 19. Neither the pleadings nor the parties' briefing give us any indication of what Trotter said, why the parties were in state court that day, or how Trotter's statements contributed to the alleged violation of the plaintiffs' constitutional rights.

Griffin and P & G sued on March 16, 2023. The district court dismissed their claims against the County, Williams, and Farmers because the plaintiffs never served them with process. The plaintiffs don't appeal that decision. The plaintiffs sued Hunter for state law assault and battery and for violating their federal constitutional rights under 42 U.S.C. § 1983—specifically,

for Fourth Amendment violations of unreasonable seizure and excessive force, as well as for substantive and procedural due process violations. They sued Trotter for taking part in a civil conspiracy to deprive them of their constitutional right to be free from unreasonable seizures and their substantive and procedural due process rights. Griffin and P & G appeal the district court's grant of Hunter's and Trotter's motions to dismiss for failure to state a claim. We review those dismissals de novo. *Linden v. City of Southfield*, 75 F.4th 597, 601 (6th Cir. 2023).

II.

Griffin sued Hunter for state law assault and battery and for excessive force. Those claims are time-barred. He also sued Hunter for unreasonable seizure. But he failed to state a claim. Similarly, Griffin and P & G failed to state a claim against Hunter for his alleged violations of their procedural due process rights.[1]

A.

Griffin's state law assault and battery claims as well as his excessive force claims are time-barred.

Start with Griffin's state law assault and battery claims. These accrued on "the date of the alleged assault"—March 15, 2022. *Ramsay v. Custer*, 387 S.W.3d 566, 570 n.1 (Tenn. Ct. App. 2012). The applicable statute of limitations is one year. Tenn. Code Ann. § 28-3-104(a)(1)(A). But Griffin didn't file suit until one year and one day after his claim accrued. Therefore, his claim is time-barred.[2]

---

[1] Plaintiffs don't raise their substantive due process claim on appeal. We accordingly consider it abandoned. *See Enertech Elec., Inc. v. Mahoning Cnty. Comm'rs*, 85 F.3d 257, 259 (6th Cir. 1996).

[2] The continuing violation doctrine doesn't help Griffin with his time-barred state law assault and battery claims: Tennessee courts have applied it only in the employment discrimination context. *See Booker v. The Boeing Co.*, 188 S.W.3d 639, 643 (Tenn. 2006); *McCain v. Saint Thomas Med. Partners*, No. M2020-00880-COA-R3-CV, 2021 WL 2156912, at *4 (Tenn. Ct. App. May 27, 2021).

Griffin's § 1983 claim for excessive force is also time-barred. Federal law determines when a plaintiff's § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Here, Griffin sued Hunter for a Fourth Amendment violation—use of excessive force in the context of an arrest. *See Graham v. Connor*, 490 U.S. 386, 394 (1989). Under federal law, that claim accrued on the day of his alleged arrest: March 15, 2022. *See Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). The state statute of limitations for personal injury actions dictates how long Griffin had to sue after his excessive force claim accrued on the 15th. *Id.*; *see also Wolfe v. Perry*, 412 F.3d 707, 713–14 (6th Cir. 2005). Tennessee law provides for a one-year statute of limitations. Tenn. Code Ann. § 28-3-104(a)(1). But Griffin didn't bring suit until March 16, 2023—again, one day after the one-year statute of limitations had run.

### B.

It's less clear whether Griffin's unreasonable seizure claim is time-barred. The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. Griffin claims that Hunter "unreasonably seized" and "unlawfully arrested" him on March 15. R. 6, Pg. ID 15. For purposes of § 1983 accrual rules, this is a false arrest claim because Griffin alleges an unlawful detention "without legal process." *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1161 (6th Cir. 2021) (quoting *Wallace*, 549 U.S. at 389) (emphasis omitted). A false arrest claim "accrue[s] at the earlier of two dates": when the plaintiff is released or, if he's not released, when legal process is issued. *Id.* at 1162. Nothing in the complaint indicates when Griffin was released. Thus, it is unclear from the complaint whether the claim is time-barred.

Even if we assume that Griffin brought this claim in a timely manner, he has failed to state a claim. *See* Fed. R. Civ. P. 12(b)(6). To state a claim, Griffin had to allege facts that make his right to relief plausible; "conclusory allegation[s]" won't do. *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 556–57 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Yet all that Griffin has given us are conclusory allegations. He flatly declares that Hunter unreasonably seized him. But he hasn't alleged a single fact that could allow us to infer that it's plausible that this alleged seizure was unreasonable.

Griffin's allegation that he also received "communications, threats, and emails" from Hunter doesn't change this analysis. R. 6, Pg. ID 15. Griffin's "asserted fear from these . . . words . . . is not an actual infringement of a constitutional right," so it's "not actionable under section 1983." *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

C.

Similarly, the complaint fails to state a claim for a procedural due process violation. *See* Fed. R. Civ. P. 12(b)(6). Griffin and P & G allege that Hunter took their property without due process when Hunter deprived Griffin of his "funds and the assignment of claims" from Sorrell. R. 6, Pg. ID 15. But they fail to offer facts in support of these allegations.

In essence, the plaintiffs allege that a state employee's unauthorized acts resulted in the deprivation of their property. "[W]hen deprivations of property are effected through random and unauthorized conduct of a state employee"—whether the conduct is negligent or intentional— "predeprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In this context, there's no procedural due process violation so long as the state provides "a meaningful postdeprivation remedy for the loss." *Id.* So to adequately plead a procedural due process claim in the face of a random and unauthorized deprivation, a plaintiff must allege in his pleadings that state post-deprivation remedies are inadequate. *See Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010).

Hunter's alleged conduct qualifies as "random and unauthorized." Plaintiffs have sued in response to a one-off chain of events, not an "established state process." *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991). Nowhere do plaintiffs suggest that Tennessee law or Sheriff's Department policy "authorize[d] the conversion of the[ir] property."[3] *Wagner v. Higgins*, 754 F.2d 186, 191 (6th Cir. 1985). Therefore, plaintiffs had to plead that Tennessee's post-deprivation procedures were inadequate. *See, e.g.*, *Braley v. City of Pontiac*, 906 F.2d 220, 225 (6th Cir. 1990) (assessing adequacy of state post-deprivation remedies when analyzing plaintiff's procedural due process claim against police officer after arrest). They didn't. So, this claim also fails.

D.

Finally, Griffin and P&G claim that Hunter was part of a civil conspiracy to deprive them of their constitutional rights. "To plead a § 1983 conspiracy successfully, Plaintiffs must allege sufficient facts to state a claim that '(1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed.'" *Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 322, 329 (6th Cir. 2013) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). Here, Griffin and P & G fail to allege any facts to support their claim that Hunter and the other original defendants conspired to violate their rights: Their complaint contains no facts indicating that a plan existed, that the conspirators shared a conspiratorial objective, or that there was an overt act. By simply asserting without any factual support that there was "an express or tacit agreement for [a] single plan" to violate their rights, Griffin and P & G made a "vague and conclusory allegation[]" that isn't

---

[3] Plaintiffs do allege that the county had a policy to the extent that it failed to adequately train and supervise Hunter. But plaintiffs made that allegation to hold the county liable for Hunter's actions. Nowhere do they tie that allegation to their procedural due process claim against Hunter.

sufficient "to state such a claim under § 1983." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (citation omitted).

## III.

The same goes for Griffin and P & G's civil conspiracy claim against Trotter. Again, plaintiffs have provided zero factual support for their claim that any such plan existed. Nor do they have evidence showing that Trotter and his alleged co-conspirators shared a conspiratorial objective. They note only that Trotter "announc[ed] the activity of Hunter and Williams in open court in Madison Circuit Court on March 16, 2022." R. 6, Pg. ID 19. But nothing in that vague factual allegation gives us "plausible grounds to infer" that Trotter was part of a civil conspiracy to deprive plaintiffs of their constitutional rights. *Twombly*, 550 U.S. at 556; *see Iqbal*, 556 U.S. at 678–79.

\*     \*     \*

Griffin and P & G filed many of their claims against Hunter too late. As for the remaining claims against Hunter and the civil conspiracy claim against Trotter, Griffin, and P & G failed to clear the plausibility pleading hurdle of Rule 12(b)(6). We affirm.